RULEY, JUDGE:
This claim was submitted upon a stipulation and certain documentary exhibits from which it appears that the claimant delivered certain stone aggregate to the respondent in June, 1972, pursuant to a duly issued purchase order, and that the price of the stone was $4,500.00. The only defense asserted is the four-year, statute of limitations of West Virginia Code §46-2-725, a provision of the Uniform Commercial Code. It appears that the claim was filed on April 18, 1978.
West Virginia Code §46-2-725 provides, in part:
“(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party’s lack of knowledge of the breach.***”
In sum, the respondent contends that the four-year period of limitations of the Uniform Commercial Code applicable to “action for breach of any contract for sale”, rather than the ten-year period of limitations applicable generally to written contracts, West Virginia Code §55-2-6, applies. Assuming for the sake of discussion that such contention is correct, the equally important question is - When did the breach occur? While it appears from the evidence that there was some debate about the quality and quantity of the stone (matters which were resolved by the stipulation), it also appears that the claimant had no reason to believe that the respondent ultimately would refuse payment for the stone until January 6, 1975, when the respondent “cancelled” the purchase *168 order. Accordingly, the Court concludes that there was no breach before that date, and, irrespective of which period of limitations is applied, the claim is not barred. Respondent’s counsel has argued that the cause of action arose as of “the date of delivery or possibly a reasonable time after the date of delivery”. In response to that contention, the Court observes that, aside from the ambiguity inherent in it, it would serve only to encourage rather than discourage litigation, and such is not the policy of the law. For the foregoing reasons, an award in the sum of $4,500.00 should be made.
Award of $4,500.00.